In the Matter of CHARLES HAYDON, Appellant, against JOSEPH M. PROSKAUER et al., Constituting the New York State Crime Commission, Respondents.

First Department, April 7, 1953.

*Charles F. Preusse* for appellant.

*Ben A. Matthews* of counsel (*Jerome G. Shapiro, Arnold A. Hackmyer* and *Sheldon S. Levy* with him on the brief; *Ben A. Matthews, Special Assistant Attorney-General* and *Chief Counsel* to the New York State Crime Commission, attorney), for respondents.

BERGAN, J. The New York State Crime Commission, constituted by the Governor in pursuance of subdivision 8 of section 63 of the Executive Law, subpœnaed and extensively examined one Thomas Luchese on seven occasions, beginning August 29, 1951.

Luchese was subpœnaed at a public hearing for November 14th. He moved at Special Term to vacate the subpœna, alleging its invalidity. The commission, appearing before the court, opposed this application.

Without waiving in any respect its contention that the Luchese subpœna was valid, the commission stipulated before the court that it " will not subpœna " Luchese to testify " at this or any other future hearing, public or private ". In view of this stipulation the attorney for Luchese stated: " I hereby withdraw this motion " to vacate the subpœna.

The petitioner brings this proceeding as a citizen and taxpayer interested in matters affecting the public peace, safety and justice, and seeks an order declaring the stipulation void and directing that the hearings be conducted as though the stipulation had not been made. The court at Special Term dismissed the petition.

The stipulation amounted to an announcement by the commission that it had no further need to examine Luchese. This is an administrative and not a judicial question. The function of judges is to decide controversy and not to lay out a pattern of future public investigation and inquiry, where there is an admitted area of executive or legislative power.

A court will stop an inquiry which gets itself beyond the constitutional or legal area of power to inquire; but it will not undertake to make detailed directions within that area.

Because a court also in its own field makes free use of the compulsory examination of witnesses to establish its judgments and decrees, this power could easily be confused with a right to supervise other branches of Government in when not to use their separate and independent power of subpœna and examination. Ordinarily the courts do not interfere with such administrative determination.

If the commission decided that the testimony of Luchese was not any longer, or not at all, necessary to its work, the court would not undertake to advise the commission that such testimony was necessary. We are quite clear on the point that the court would not interpose to lay down a scheme of affirmative action which the commission would feel required to obey in doing its work.

Insofar as the stipulation states that it " will not subpœna [Luchese] * * * at * * * any other future hearing, public or private," we think that such provision should have no binding force upon the State Crime Commission if at any future time it should feel that this witness's testimony before such

commission might become necessary. The stipulation here, we hold, merely disposes of a particular legal point arising under a particular subpœna. We do not regard it as a hedge around future administrative action.

The order should be affirmed.

Dore, J. P., Cohn, and Van Voorhis, JJ., concur.

Order unanimously affirmed.